# In the United States Court of Federal Claims

No. 22-511 C
Filed: February 17, 2023

| | |
|---|---|
| DONNIE E. RAINEY, II, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## OPINION AND ORDER

Donnie E. Rainey, II served as a civilian employee of the United States Navy until the Navy separated him due to his medical inability to perform the essential functions of his position. Just before his separation, Rainey requested severance pay, which the Navy denied because it determined that he was eligible for a disability annuity within 30 days of his separation. Thus, the question presented is whether Rainey is entitled to severance pay under 5 U.S.C. § 5595 despite his eligibility for a disability annuity. Under the governing regulation, Rainey's eligibility for the disability annuity disqualified him from receiving severance pay. Therefore, the Court grants the Government's motion for summary judgment.

### I.   Background[1]

Rainey was a cytology technician working in the Laboratory Department, Clinical Support Services Directorate, Navy Medicine and Training Command. ECF No. 1-1 at 24.[2] As a cytology technician, Rainey had "to be present in the cytology division of the Laboratory Department to perform routine and highly specialized testing." *Id*. at 26. His job also required him to "perform a full range of procedures in cytology to include receiving specimens, verifying required patient and specimen information is present, and processing a variety of specimens for cytopathology studies." *Id*.

Rainey developed certain medical conditions that were impacting his ability to perform his job duties. *Id*. at 24-25. Because these conditions were more impactful earlier in the day,

---

[1] The facts presented in this section are undisputed facts apparent from the record, but this section does not constitute findings of fact.

[2] Because Rainey's attachment to his complaint is not consecutively numbered, the Court cites to the ECF header when citing ECF No. 1-1.

Rainey requested an alternate work schedule (a 9:30 a.m. start time) in April 2019 as a reasonable accommodation, which the Navy approved. *Id*. at 25. On March 24, 2020, the Navy approved another schedule change that allowed Rainey to start his workday at 11:30 a.m. *Id*. But this accommodation proved insufficient and on May 5, 2020, the Navy determined that Rainey could not be accommodated in his then-current position and offered to reassign him. *Id*. The Navy searched for open positions both within and outside Rainey's command but notified him on March 9, 2021, that it was unable to locate a vacant position suitable for reassignment. *Id*. Then, on November 30, 2021, the Navy informed Rainey that it would separate him from his position because he was not able to perform his job duties and no reasonable accommodation was feasible. *Id*. The separation became effective December 3, 2021. *Id*. at 26.

On December 2, 2021, Rainey requested severance pay under 5 U.S.C. § 5595. *Id*. at 1. On December 14, 2021, the Navy advised Rainey that because he was eligible for an immediate disability retirement, he was not eligible for severance pay. *Id*. at 2. The conversation continued into (or resumed in) February 2022. In an email exchange on February 15, 2022, the Navy informed Rainey that it had sought an answer from the Office of Personnel Management ("OPM") regarding Rainey's eligibility for severance pay. *Id*. at 3. OPM informed the Navy that Rainey could apply for severance pay under 5 U.S.C. § 5595, but that if his disability retirement were approved, he would have to pay back the entire severance pay to the Government. *Id*. Rainey elected to file for severance. On April 8, 2022, the Navy denied Rainey's request for severance pay. *Id*. at 9. The denial was because, according to the Navy, "[s]everance pay may not be authorized if a prior Federal employee is eligible to receive an immediate retirement annuity from the Federal government, regardless of whether the prior employee has applied to receive a retirement annuity . . . ." *Id*.

On April 19, 2022, Rainey applied to OPM for a disability retirement. ECF No. 10-1 at A1-A3. OPM approved his application on July 28, 2022. *Id*. at A5. According to OPM, Rainey would begin receiving interim payments on the first business day of each month after his disability retirement processing was complete. *Id.* at A7.

## II.    Jurisdiction

The Government does not challenge jurisdiction because 5 U.S.C. § 5595 is a money-mandating statute. ECF No. 10 at 6-7. Even though the Government does not dispute this Court's jurisdiction over Rainey's claim for severance pay under § 5595, the Court must still satisfy itself of jurisdiction because "even if the parties remain silent, it is well settled that a federal court, whether trial or appellate, is obliged to notice on its own motion the want of its own jurisdiction . . . ." *Hambsch v. United States*, 857 F.2d 763, 765 (Fed. Cir. 1988) (quoting 13 C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3522 at 69–70 (2d ed. 1984)).

This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action . . . ." *Fisher v. United*

*States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  To establish jurisdiction, the plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted).  If there is no money-mandating source of law that supports plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and must dismiss the claim for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Rainey also raises 42 U.S.C. § 1983 as providing this Court with jurisdiction.  ECF No. 1 ¶ 4.  But this court lacks jurisdiction under § 1983 "because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts." *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (citations omitted).  Therefore, to the extent Rainey brings claims under 42 U.S.C. § 1983, those claims are dismissed for lack of jurisdiction.

## III.  Discussion

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  RCFC 56(a).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  A "genuine" dispute of material fact exists where a reasonable factfinder "could return a verdict for the nonmoving party." *Id.* at 248.  "Material" facts are those "that might affect the outcome of the suit under the governing law" as opposed to "disputes that are irrelevant or unnecessary . . . ." *Id.*  "When both parties move for summary judgment . . . 'the [C]ourt must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *AT&T Advertising, L.P. v. United States*, 147 Fed. Cl. 478, 482 (2020) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

The resolution of the Government's motion (indeed of this entire case) depends on whether Rainey is entitled to severance pay under 5 U.S.C. § 5595 following his involuntary separation from the Navy.  The Court begins, as it must, with the language of 5 U.S.C. § 5595, which provides:

> Under regulations prescribed by the President or such officer or agency as he may designate, an employee who--
>
> (1) has been employed currently for a continuous period of at least 12 months; and
>
> (2) is involuntarily separated from the service, not by removal for cause on charges of misconduct, delinquency, or inefficiency;
>
> is entitled to be paid severance pay in regular pay periods by the agency from which separated.

5 U.S.C. § 5595(b).  Because Rainey had been employed for more than 12 months and his involuntary separation was not for "misconduct, delinquency, or inefficiency[,]" he satisfies the minimum statutory requirements for severance pay.  But that does not end the inquiry because Congress further made the entitlement to severance pay subject to regulations.  Therefore, the Court must turn to those regulations to determine if Rainey is entitled to severance pay.

OPM issued regulations implementing § 5595.  *See* 5 C.F.R. § 550.701 ("This subpart contains regulations of the Office of Personnel Management to implement the provisions of 5 U.S.C. 5595.  These regulations authorize severance pay for employees who are involuntarily separated from Federal service and who meet other conditions of eligibility.").  Pursuant to these regulations, "[a]n employee is not eligible for severance pay if he or she: . . . [i]s eligible upon separation for an immediate annuity from a Federal civilian retirement system or from the uniformed services."  5 C.F.R. § 550.704(b)(5).  Thus, the question is whether Rainey's disability qualifies as an "immediate annuity from a Federal civilian retirement system or from the uniformed services."

The Court must first determine the meaning of an immediate annuity.  The Government relies upon the definition of "immediate annuity" in 5 U.S.C. § 550.703, which defines the term to mean:

> A recurring benefit payable under a retirement system applicable to Federal civilian employees or members of the uniformed services that the individual is eligible to receive (disregarding any offset described in § 550.704(b)(5)) at the time of the involuntary separation from civilian service or that begins to accrue within 1 month after such separation, excluding any Social Security retirement benefit.

5 C.F.R. § 550.703.  Rainey, however, relies upon a different regulatory definition of "immediate annuity" regarding voluntary separations that defines immediate annuities as "an annuity that will begin within 31 days of separation."  ECF No. 11 at 5 (quoting 5 C.F.R. § 842.204(c)(1)(ii)).  Because the definitions are different, the Court must determine which applies.

Here, the Court must use the definition of "immediate annuity" applicable to involuntary separations—5 C.F.R. § 550.704—because it applies to the separation at issue here.  Rainey did not retire, he was involuntarily separated.  ECF No. 1-1 at 18 ("I petitioned the Agency, now my former employer, for severance pay *based on its decision to involuntarily remove me from federal service . . . .*") (emphasis added).  The definition Rainey relies upon applies to nondisability retirements, not involuntary separations.  *See* 5 U.S.C. § 842.201 ("This subpart regulates the statutory provisions on eligibility for nondisability retirement under the Federal Employees Retirement System (FERS).").

Having determined the meaning of an "immediate annuity," the Court must now determine whether Rainey's disability retirement qualifies.  Rainey's disability annuity "commences on the day after the employee separates or the day after pay ceases and the employee meets the requirements for title to an annuity."  5 C.F.R. § 844.301.  Therefore, Rainey's disability annuity qualifies as an "immediate annuity."  *E.g.*, *Wilcock v. United States*,

No. 20-860C, 2021 WL 1731864, at *7-8 (Fed. Cl. Apr. 30, 2021).  Rainey's eligibility for the disability annuity renders him ineligible for severance pay under 5 U.S.C. § 5595.  But this does not mean that Rainey will be left without benefits for the time following his separation.  To the contrary, as the Government concedes, OPM has granted Rainey's application for the disability annuity and will pay retroactive benefits to the day after Rainey separated from the Navy.  ECF No. 10 at 7-8.

## IV.    Conclusion

Because Rainey is not entitled to the severance pay that he claims, the Court grants the Government's motion for summary judgment, ECF No. 10.  The Court denies as moot ECF No. 13.  And the Court grants Rainey's application for leave to proceed in forma pauperis, ECF No. 2.  The Clerk's Office is directed to enter judgment accordingly.  No costs.

IT IS SO ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge